**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JERMAINE RHODES, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF CHICAGO POLICE ) <br> OFFICERS KLAUS, STAR NO. 15865, ) <br> MALONEY, STAR NO. 13032, RIZZI, ) <br> STAR NO. 3808, CERDA, STAR NO. ) <br> 10607, WOLINSKI, STAR NO. 2605, ) <br> PATRUNO, STAR NO. 18814, ) <br> HERNANDEZ, STAR NO. 15925, ) <br> NUNEZ, STAR NO. 16191, ACEVEDO, ) <br> STAR NO. 13560, RITCHEY, STAR ) <br> NO. 14979, DONNELLY, STAR NO. ) <br> 13784, UNKNOWN AND UNNAMED ) <br> CITY OF CHICAGO POLICE ) <br> OFFICERS, and THE CITY OF ) <br> CHICAGO, ) <br> ) <br> Defendants. ) | Case No.: <br><br> Complaint for violation of Civil Rights and State Supplemental Claims <br><br> **JURY DEMANDED** |

## **JURISDICTION AND VENUE**

1.  This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331 and 1367.

2.  Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## **PARTIES**

3.  At all times herein mentioned, Plaintiff JERMAINE RHODES (hereinafter "Plaintiff"), was and is a citizen of the United States and was within the jurisdiction of this court.

1

4. At all times herein mentioned, Defendants City of Chicago Police Officers KLAUS; MALONEY; RIZZI; CERDA; WOLINSKI; PATRUNO; HERNANDEZ; NUNEZ; ACEVEDO; RITCHEY; DONNELLY and unknown and unnamed officers (hereinafter "Defendants"), were employed by the City of Chicago Police Department and were acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. These Defendants are being sued in their individual capacities.

5. At all times herein mentioned, the CITY OF CHICAGO was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the CITY OF CHICAGO maintained, managed, and/or operated the CITY OF CHICAGO Police Department.

**FACTUAL ALLEGATIONS**

6. For the past year Plaintiff has been harassed, abused, falsely arrested, illegally searched, and wrongfully detained by Defendants, District 11 City of Chicago Police Officers.

7. On or around October 11, 2018, Plaintiff was lawfully driving in his vehicle in the City of Chicago, County of Cook, Illinois.

8. At that date, time, and place, Defendants Acevedo, Klaus, and unknown and unnamed officers caused Plaintiff to stop his vehicle. There was no legal cause or reasonable suspicion to cause Plaintiff to stop his vehicle and be detained.

9. Plaintiff fearful his rights would be violated, videotaped the entire interaction with Defendants Acevedo, Klaus, and unknown and unnamed officers on Facebook Live. Defendants Acevedo, Klaus, and unknown and unnamed officers were aware that Plaintiff was videotaping the illegal traffic stop.

10. Defendants Acevedo, Klaus, and unknown and unnamed officers detained Plaintiff without legal or probable cause for over an hour to issue him a traffic violation.

2

11. Plaintiff was ticketed for an alleged improper turn signal at an intersection. In fact, Plaintiff did not violate any traffic laws.

12. On or around December 16, 2018, Plaintiff was lawfully sitting in his parked vehicle eating when he was detained by Defendants Wolinski, Donnelly, Klaus, and unknown and unnamed officers.

13. There was no legal or probable cause for Defendants Wolinski, Donnelly, Klaus, and unknown and unnamed officers to detain Plaintiff.

14. Plaintiff concerned his rights would be violated, videotaped the entire interaction with Defendants Wolinski, Donnelly, Klaus, and unknown and unnamed officers. Defendants Wolinski, Donnelly, Klaus, and unknown and unnamed officers were aware that Plaintiff was videotaping the illegal detention.

15. Defendants Wolinski, Donnelly, Klaus, and unknown and unnamed officers issued Plaintiff a ticket for allegedly parking too far from the curb. Plaintiff was legally parked and was not in violation of the Municipal Code of Chicago.

16. On December 26, 2018, Plaintiff was lawfully driving his vehicle when Defendants Klaus, Patruno, Maloney, Wolinski, Acevedo, and unknown and unnamed officers caused Plaintiff to stop his vehicle and be detained.

17. There was no legal cause or reasonable suspicion to cause Plaintiff to stop his vehicle and be detained.

18. Plaintiff fearful his rights would be violated, videotaped the entire interaction with Defendants on Facebook Live. Defendants Klaus, Patruno, Maloney, Wolinski, Acevedo, and unknown and unnamed officers, were aware that Plaintiff was videotaping the illegal traffic stop.

19. Defendants Klaus, Patruno, Maloney, Wolinski, Acevedo, and unknown and unnamed officers, ordered Plaintiff and his passenger out of his vehicle. There was no legal cause or reasonable suspicion to order Plaintiff and his passenger out of the vehicle.

20. Plaintiff was apprehensive and fearful of Defendants because of the Defendants' pattern of conduct. Defendant Patruno, without legal cause, smashed Plaintiff's vehicle window.

21. Plaintiff had not engaged in any criminal activity, or any action that created probable or legal cause to break the vehicle window, or to seize and/or subject Plaintiff to an arrest.

22. Despite the lack of probable cause, Defendants Klaus, Patruno, Maloney, Wolinski, Acevedo, and unknown and unnamed officers arrested Plaintiff and caused Plaintiff to be charged with failure to signal, failure to display a city vehicle sticker, and obstruction.

23. At the time of the traffic stop, Defendants Klaus, Patruno, Maloney, Wolinski, Acevedo, and unknown and unnamed officers illegally searched and seized Plaintiff's vehicle.

24. There was no legal cause to search or seize Plaintiff's vehicle and the illegal search and seizure did not produce any contraband.

25. The charges brought by Defendants Klaus, Patruno, Maloney, Wolinski, Acevedo, and unknown and unnamed officers were dismissed in Plaintiff's favor in a manner indicative of innocence.

26. On December 30, 2018, Plaintiff was lawfully located at or around West Lake Street and North Avers Avenue in City of Chicago, County of Cook, State of Illinois.

27. On that day and place, Defendant Ritchey seized Plaintiff's person without legal cause and subjected him to a custodial arrest.

28. Plaintiff concerned his rights would be violated, videotaped the interaction with Defendant Ritchey on Facebook Live. Defendant Ritchey was aware that Plaintiff was videotaping the illegal detention.

29. Without legal cause Defendant Ritchey detained Plaintiff and placed him in handcuffs.

30. Defendant Ritchey did not have probable cause to arrest Plaintiff for any crime.

31. On that date Plaintiff had not engaged in any criminal activity.

32. Defendant Ritchey did not witness Plaintiff commit any criminal act.

33. After illegally detaining Plaintiff, Defendant Ritchey released Plaintiff without charging him for any crime.

34. On January 8, 2019, Plaintiff was lawfully driving his aunt's vehicle at or around 3759 W Chicago Ave in the City of Chicago, County of Cook, State of Illinois.

35. At that date, time, and place, Defendants Rizzi, Cerda, and unnamed and unknown officers caused Plaintiff to stop his vehicle. There was no legal cause or reasonable suspicion to cause Plaintiff to stop his vehicle and be detained.

36. On that date, Plaintiff had not engaged in any criminal activity, or any action that created probable cause to seize and/or subject Plaintiff to a custodial arrest.

37. Despite the lack of probable cause Defendants Rizzi, Cerda, and unknown and unnamed officers arrested Plaintiff and caused Plaintiff to be charged with criminal trespass to a vehicle.

38. Plaintiff had not committed the crime of criminal trespass to a vehicle or any crime.

39. The charge brought by Defendants Cerda, Rizzi, and unknown and unnamed officers was dismissed on March 7, 2019 in Plaintiff's favor in a manner indicative of innocence.

40. On April 8, 2019, Plaintiff was lawfully located at or around 3811 W Fulton St in the City of Chicago, County of Cook, State of Illinois.

41. On that day and place, Defendants Hernandez, Nunez, and unknown and unnamed officers seized Plaintiff's person and subjected him to a custodial arrest.

42. Defendant Hernandez or Nunez told Plaintiff that "you don't scare me with your Facebook shit."

43. At the time of Plaintiff's seizure and arrest Defendants Hernandez and Nunez did not have probable cause to seize and/or arrest Plaintiff.

44. On that date Plaintiff had not engaged in any criminal activity, or any action that created probable cause to seize and/or subject Plaintiff to a custodial arrest.

45. Despite the lack of probable cause Defendants Hernandez and Nunez arrested Plaintiff and caused Plaintiff to be charged with drinking alcohol on the public way. At the time of the arrest, Plaintiff was not consuming alcohol and at no point prior to the arrest had Plaintiff consumed alcohol on the public way. In fact, Plaintiff volunteered to take a breathalyzer test to prove he had not consumed alcohol.

46. Defendant Hernandez used excessive force in arresting Plaintiff and as a result of his use of force, Plaintiff suffered injuries including, but not limited to, a sprained wrist.

47. There was no legal cause for Defendant Hernandez to use force against Plaintiff.

48. At the time of the arrest, Plaintiff had U.S. Currency in his pockets that was illegally seized by Defendants Hernandez, Nunez, and unknown and unnamed officers.

49. Defendants Hernandez, Nunez, and unknown and unnamed officers did not properly inventory all of the U.S. Currency on Plaintiff, thus stealing Plaintiff's property.

50. The charge brought by Defendants Hernandez, Nunez, and unknown and unnamed officers was dismissed on May 1, 2019 in Plaintiff's favor in a manner indicative of innocence.

51. On or about September 23, 2019, Plaintiff was in the process of getting into a vehicle when he was approached by Defendant Klaus.

52. Without any legal cause, Plaintiff was forcefully pulled from his vehicle, subjected to excessive force, and detained.

Case: 1:19-cv-06796 Document #: 1 Filed: 10/15/19 Page 7 of 15 PageID #:7

53. There was no legal or probable cause to detain Plaintiff for any crime.

54. After illegally detaining Plaintiff and subjecting him to excessive force, Defendant Klaus released Plaintiff without charging him.

55. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries, including but not limited to, loss special damages, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

56. The aforementioned acts of Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

57. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I
### PLAINTIFF AGAINST ALL DEFENDANTS KNOWN AND UNKNOWN FOR FIRST AMENDMENT RETALIATION

58. Plaintiff hereby incorporates and re-allege paragraphs one (1) through fifty-seven (57) hereat as though fully alleged at this place.

59. Plaintiff exercised a Constitutionally protected right when he videotaped Defendants to document police misconduct on October 11, 2018, December 16, 2018, December 26, 2018, and December 30, 2018.

60. Plaintiff's videotaping is protected by the First Amendment to the Constitution of

7

the United States.

61. Defendants retaliated against Plaintiff for his exercise of this Constitutionally protected act/speech when they harassed, falsely arrested, illegally searched, wrongfully detained and conspired to deprive Plaintiff of his constitutional rights.

62. Upon information and belief, Defendants retaliated against Plaintiff in an effort to deter Plaintiff from exercising his rights under the First Amendment.

63. In all the above-mentioned incidents Defendants did not have probable cause to arrest Plaintiff.

64. Plaintiff has a Constitutionally protected right to be free from retaliation for exercising a Constitutionally protected right. Therefore, the Defendants are liable to Plaintiff for Retaliation under 42 U.S.C. § 1983.

## COUNT II
## PLAINTIFF AGAINST ALL DEFENDANTS KNOWN AND UNKNOWN FOR UNREASONABLE SEIZURE

65. Plaintiff hereby incorporates and realleges paragraphs one (1) through fifty-seven (57) hereat as though fully set forth at this place.

66. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment of the Constitution of the United States and laws enacted thereunder.

67. The arbitrary intrusion by Defendants, into the security and privacy of Plaintiff's person was in violation of Plaintiff's constitutional rights and not authorized by law. Defendants violated Plaintiff's rights in the following manner: (1) The seizure and/or custodial arrests of Plaintiff on October 11, 2018, December 16, 2018, December 26, 2018, December 30, 2018, January 8, 2019, April 8, 2019, and September 23, 2019 were not supported by probable cause.

8

These acts were in violation of Plaintiff's Fourth Amendment rights. Therefore, Defendants, in their individual capacity, are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT III
### PLAINTIFF AGAINST DEFENDANTS KLAUS, PATRUNO, MALONEY, WOLINSKI, ACEVEDO, RIZZI, CERDA, HERNANDEZ, NUNEZ, AND UNKNOWN DEFENDANTS AND OTHERS FOR VIOLATION OF HIS FOURTH AMENDMENT RIGHTS THROUGH UNLAWFUL PRETRIAL DETENTION

68. Plaintiff hereby incorporates and realleges paragraphs one (1) through fifty-seven (57) hereat as though fully set forth at this place.

69. Defendants Klaus, Patruno, Maloney, Wolinski, Acevedo, Rizzi, Cerda, Hernandez, Nunez as well as the other unknown and unnamed officers of the Chicago Police Department, subjected Plaintiff to criminal prosecution, a pretrial detention, and/or deprivation of his liberty without probable cause.

70. Defendants Klaus, Patruno, Maloney, Wolinski, Acevedo, Rizzi, Cerda, Hernandez, Nunez as well as the other unknown and unnamed officers of the Chicago Police Department did not have probable cause to believe Plaintiff had committed an offense or cause him to be subjected to any pretrial restriction of his liberty.

71. Defendants Klaus, Patruno, Maloney, Wolinski, Acevedo, as well as the other unknown and unnamed officers of the Chicago Police Department knew that Plaintiff's December 26, 2018 arrest, detention, and criminal prosecution was based solely upon Defendants' unfounded allegations.

72. All criminal charges initiated by Defendants Klaus, Patruno, Maloney, Wolinski, Acevedo, as well as the other unknown and unnamed officers of the Chicago Police Department against Plaintiff stemming from the December 26, 2018 arrest, were terminated in Plaintiff's favor in a manner indicative of innocence.

73. Defendants Rizzi, Cerda, as well as the other unknown and unnamed officers of the Chicago Police Department knew that Plaintiff's January 8, 2019 arrest, detention, and criminal prosecution was based solely upon Defendants' unfounded allegations.

74. All criminal charges initiated by Defendants Rizzi, Cerda, as well as the other unknown and unnamed officers of the Chicago Police Department against Plaintiff stemming from the January 8, 2019 arrest, were terminated in Plaintiff's favor in a manner indicative of innocence.

75. Defendants Hernandez, Nunez, as well as the other unknown and unnamed officers of the Chicago Police Department knew that Plaintiff's April 8, 2019 arrest, detention, and criminal prosecution was based solely upon Defendants' unfounded allegations.

76. All criminal charges initiated by Defendants Hernandez, Nunez, as well as the other unknown and unnamed officers of the Chicago Police Department against Plaintiff stemming from the April 8, 2019 arrest, were terminated in Plaintiff's favor in a manner indicative of innocence.

77. By reason of the Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

78. The arbitrary intrusions by Defendants, into the security and privacy of Plaintiff's person was in violation of Plaintiff's constitutional rights and not authorized by law. Defendants violated Plaintiff's rights in the following manner: (1) causing Plaintiff to be subjected to pretrial detention that restrained his liberty without probable cause for the detention was in violation of Plaintiff's Fourth Amendment rights. Therefore, the Defendants are liable in their individual capacity to Plaintiff pursuant to 42 U.S.C. § 1983.

**COUNT IV**
**PLAINTIFF AGAINST ALL INDIVIDUAL KNOWN AND UNKNOWN DEFENDANTS AND OTHERS, FOR A CONSPIRACY TO VIOLATE HIS FOURTH AMENDMENT RIGHTS THROUGH UNLAWFUL SEIZURES AND/OR WRONGFUL PRETRIAL DETENTION**

79. Plaintiff incorporates and realleges paragraphs one (1) through fifty-seven (57) hereat as though fully set forth at this place

80. Upon information and belief, the individual Defendants and each of them, as well as other unknown and unnamed District 11 officers of the Chicago Police Department formed an agreement to harass Plaintiff and deprive him of his search and seizure and liberty rights by agreeing to, and in furtherance of that agreement, unlawfully ticketing, seizing, subjecting Plaintiff to excessive force, illegally searching Plaintiff and his property, and arresting him.

81. The individual Defendants and each of them, as well as other unknown and unnamed District 11 officers of the Chicago Police Department, acted in a conspiracy to deprive Plaintiff of his constitutional rights and in furtherance of that agreement, Defendants manufactured, fabricated and falsied evidence, and falsified police reports as indicated above.

82. The individual Defendants and each of them, as well as other unknown and unnamed District 11 officers of the Chicago Police Department, acted in a conspiracy to deprive Plaintiff of his constitutional rights and in furtherance of that agreement:

    a. On or around October 11, 2018, Defendants Acevedo, Klaus, and unknown and unnamed officers, without legal cause, reasonable suspicion, or probable cause for any of the following (1) caused Plaintiff to stop his vehicle, (2) detained him for over an hour, and (3) ticketed Plaintiff for a traffic violation;

    b. On or around December 16, 2018, Defendants Wolinski, Donnelly, Klaus, and unknown and unnamed officers, without legal cause, reasonable suspicion, or probable cause for any of the following (1) detained Plaintiff, and (2) ticketed Plaintiff for a violation of the City of Chicago Municipal Code;

    c. On or around December 26, 2018, Defendants Klaus, Patruno, Maloney, Wolinski, Acevedo, and unknown and unnamed officers, without legal cause, reasonable suspicion, or probable cause for any of the following (1) caused Plaintiff to stop his vehicle, (2) ordered Plaintiff out of his vehicle, (3) used excessive and unwarranted force to smash Plaintiff's vehicle window, (4) seized and/or arrested Plaintiff, (5) searched and seized Plaintiff's vehicle, and (6) brought criminal charges against Plaintiff;

    d. On or around December 30, 2018, Defendant Ritchey, and unknown and unnamed officers, without legal cause, reasonable suspicion, or probable cause for any of the following (1) seized and handcuffed Plaintiff and (2) subjected him to a custodial arrest;

    e. On January 8, 2019, Defendants Rizzi, Cerda, and unknown and unnamed officers, without legal cause, reasonable suspicion, or probable cause for any of the following (1) caused Plaintiff to stop his vehicle, (2) arrested Plaintiff, and (3) brought criminal charges against Plaintiff;

    f. On April 8, 2019, Defendants Hernandez, Nunez, and unknown and unnamed officers, without legal cause, reasonable suspicion, or probable cause for any of the following (1) seized and/or arrested Plaintiff, (2) subjected Plaintiff to excessive force, (3) illegally seized and improperly inventoried Plaintiff's U.S. currency, and (4) brought criminal charges against Plaintiff;

    g. On September 23, 2019, Defendant Klaus, and unknown and unnamed officers, without legal cause, reasonable suspicion, or probable cause for any of the following (1) detained Plaintiff, and (2) subjected Plaintiff to excessive force.

83.     By reason of the conduct of Defendants and each of them, Plaintiff was deprived

of rights, privileges, and immunities, secured to him by the Fourth Amendment to the Constitution of the United States and laws enacted thereunder.

84. The foregoing was unnecessary and unreasonable and was therefore in violation of Plaintiff's Fourth Amendment due process rights. Therefore, the Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT V
### PLAINTIFF AGAINST DEFENDANTS KLAUS, PATRUNO, MALONEY, WOLINSKI, ACEVEDO, AND UNKNOWN DEFENDANTS FOR ILLEGAL SEARCH AND SEIZURE

85. Plaintiff incorporates and realleges paragraphs one (1) through fifty-seven (57) hereat as though fully set forth at this place.

86. By reason of the Defendants Klaus, Patruno, Maloney, Wolinski, Acevedo, as well as the other unknown and unnamed officers of the Chicago Police Department conduct, Plaintiff was deprived of rights, privileges, and immunities secured to him by the Fourth Amendment of the Constitution of the United States and laws enacted thereunder.

87. The arbitrary intrusion by Defendants into the security and privacy of Plaintiff's vehicle was in violation of Plaintiff's Constitutional Rights and not authorized by law. The Defendants violated the Plaintiff's rights in the following manner on December 26, 2018: (1) seizing Plaintiff's vehicle without just cause; (2) searching Plaintiff's vehicle without just cause; (3) causing excessive, unnecessary, and unreasonable property damage to the Plaintiff's vehicle and personal property. These acts were in violation of the Plaintiff's Fourth Amendment rights. Therefore, the Defendants, and each of them, in their individual capacity are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT VI
### PLAINTIFF AGAINST DEFENDANT HERNANDEZ FOR EXCESSIVE FORCE

88. Plaintiff hereby incorporates and realleges paragraphs one (1) through fifty-seven (57)

hereat as though fully set forth at this place.

89. On April 8, 2019, Defendant Hernandez seized Plaintiff without legal cause and Defendant Hernandez used excessive force against Plaintiff's person.

90. There was no legal cause for Defendant Hernandez to use force against Plaintiff.

91. By reason of Defendant's conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendment to the Constitution of the United States and laws enacted thereunder.

92. The physical violence inflicted upon Plaintiff by Defendant Hernandez was unnecessary, unreasonable, and excessive, and was therefore in violation of Plaintiff's Fourth and/or Fourteenth Amendment Rights. Therefore, Defendant is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

**COUNT VII**
**PLAINTIFF AGAINST ALL INDIVIDUAL KNOWN AND UNKNOWN DEFENDANTS AND OTHERS, AND THE CITY OF CHICAGO, FOR THE SUPPLEMENTAL CLAIM OF FALSE IMPRISONMENT**

93. Plaintiff incorporates and realleges paragraphs one (1) through fifty-seven (57) hereat as though fully set forth at this place.

94. Defendants committed the tort of False Imprisonment when they held Plaintiff against his will on multiple separate occasions as alleged above without any legal cause.

95. The City of Chicago is liable to Plaintiff for the acts of Defendants pursuant to the doctrine of *respondeat superior*.

96. As a result of these acts and/or omissions Plaintiff was damaged, and Defendants and the City of Chicago are liable under the supplemental state claim of False Imprisonment.

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, requests judgment as follows against the Defendants, and each of them:

1. That individual Defendants and each of them and other unnamed and unknown Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That these same Defendants be required to pay Plaintiff's special damages;

3. That these same Defendants other than the City of Chicago be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the individual Defendants and each of them and other unnamed and unknown Defendants other than the City of Chicago be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiff have such other and further relief as this Court may deem just and proper.

BY: s/ Jaclyn N. Diaz
ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
jdiaz@efoxlaw.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY: s/Jaclyn N. Diaz
ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
jdiaz@efoxlaw.com